ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 16 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| AMIGOS LABOR SOLUTIONS, INC. § | |
| § | |
| Plaintiff, § | |
| § | 3-05-CV-1644-B |
| v. § | Civil Action No. _____ |
| § | |
| TEXAS SUPREME COURT § | |
| UNAUTHORIZED PRACTICE OF LAW § | DECLARATORY JUDGMENT ACTION |
| COMMITTEE § | |
| § | |
| Defendant. § | |

**I.**

Plaintiff, AMIGOS LABOR SOLUTIONS, INC., ("Amigos"), is a corporation incorporated in the State of Texas, whose principal place of business is 3141 Hood Street, Suite 440, Dallas, Texas. Plaintiff performs services on behalf of customer "employers" in the State of Texas, and elsewhere related to the filing of 8 U.S.C. §1101(a)(15)(**H**)(**ii**)(**a**)[1] and §1101(a)(15)(**H**)(**ii**)(**b**) [*commonly referred to as H2-A and H2-B*] petitions/applications for nonimmigrant alien laborers pursuant to Title 8 United States Code § 1184.

Defendant, the TEXAS SUPREME COURT/UNAUTHORIZED PRACTICE OF LAW COMMITTEE, is a nine member committee of lawyers and non-lawyers appointed

---

[1] 8 U.S.C. §1101(a)(15) [*The term "immigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens*] - (**H**)(**ii**)(**a**) having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States to perform agricultural labor or services, as defined by the Secretary of Labor in regulations and including agricultural labor defined in section 3121(g) of title 26 and agriculture as defined in section 203(f) of title 29, of a temporary or seasonal nature, or (**b**) having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States to perform other temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country, . . .

by the Supreme Court of Texas. The UNAUTHORIZED PRACTICE OF LAW COMMITTEE is charged with the responsibility of investigating and prosecuting complaints related to the unauthorized practice of law in the State of Texas.

## II.

This is an action for declaratory judgment pursuant to Title 28, United States Code § 2201, for the purpose of determining a question of actual controversy between the parties as described more fully in paragraph V and VI.

## III.

Jurisdiction of this action is based on Title 28, United States Code, § 1331.

## IV.

Pursuant to Title 28, United States Code, § 1391 venue of this action is properly in the Dallas Division of the Northern District of Texas because a substantial part of the events giving rise to this lawsuit occurs and will continue to occur in the Dallas Division of the Northern District of Texas.

## V.

1. On or about March 16, 1999, the Texas Supreme Court Unauthorized Practice of Law Committee sent a letter to Robert Wingfield, President of Amigos Labor Solutions, Inc., asserting a belief that Amigos "may have engaged in activities which constitute the unauthorized practice of law." The letter gave Mr. Wingfield ten (10) days to provide a written response to the allegations.

2. On or about March 17, 1999, Mr. Wingfield sent a letter in response to the letter mentioned in Paragraph 1, wherein he specifically advised the UNAUTHORIZED PRACTICE OF LAW COMMITTEE that Amigos was not performing the

unauthorized practice of law, but acted as an "Agent" of employers as permitted by federal law.

3. A similar letter to the one described in Paragraph 1 was mailed to Amigos Labor Solutions, Inc., on July 18, 2002.

4. On or about July 19, 2002, Mr. Wingfield again responded to the allegations by referring to his previous letter which asserted that Amigos was acting as an "Agent" of employers as permitted by federal law.

5. The Supreme Court of Texas UNAUTHORIZED PRACTICE OF LAW COMMITTEE has pursued injunctive relief pursuant to Texas law against another similarly situated federally defined "agent", to compel it to cease and desist the practice of preparing H2-A and H2-B petitions for employers.

6. Article I, Section 8, clause 4 to the United States Constitution states that "Congress shall have the power *To establish an uniform Rule of Naturalization, . . .*"

7. Article I, Section 8, clause 18 to the United States Constitution states that "Congress shall have the power *To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.*"

8. Pursuant to the powers given to it by the Constitution in Article I, Section 8, clauses 4 and 18, Congress has the supreme jurisdiction to enact laws related to immigration and naturalization. *See e.g., Chy Lung v. Freeman, et al.* 92 U.S. 275 (1875).

9. Article VI, clause 2 to the United States Constitution states that "**This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land.**"

10. Pursuant to the powers given to it by the aforementioned clauses of the Constitution, Congress has passed the Immigration and Nationality Act (INA) which is codified in Title 8, United States Code, Section 1101 *et seq.*

11. The Immigration and Nationality Act includes Title 8, United States Code, Section 1184(c) *Admission of nonimmigrants* which states in pertinent part:

> (c) Petition of importing employer.
>   (1) The question of importing any alien as a nonimmigrant under subparagraph (H), ... of section 101(a)(15) [8 USCS § 1101(a)(15)] (excluding nonimmigrants under section 101(a)(15)(H)(i)(b1) [8 USCS § 1101(a)(15)(H)(i)(b1)]) in any specific case or specific cases shall be determined by the Attorney General, after consultation with appropriate agencies of the Government, upon petition of the importing employer. Such petition shall be made and approved before the visa is granted. The petition shall be in such form and contain such information as the Attorney General shall prescribe. The approval of such a petition shall not, of itself, be construed as establishing that the alien is a nonimmigrant. For purposes of this subsection with respect to nonimmigrants described in section 101(a)(15)(H)(ii)(a) [8 USCS § 1101(a)(15)(H)(ii)(a)], the term "appropriate agencies of Government" means the Department of Labor and includes the Department of Agriculture. The provisions of section 218 [8 USCS § 1188] shall apply to the question of importing any alien as a nonimmigrant under section 101(a)(15)(H)(ii)(a) [8 USCS § 1101(a)(15)(H)(ii)(a)]....

12. Pursuant to Title 8 United States Code, Section 1184, the Attorney General has prescribed regulations related to the admissions of nonimmigrant alien temporary employees which are codified in the Code of Federal Regulations. In particular 8 C.F.R. §214.2(h) addresses "Admission of temporary employees." 8 C.F.R. §214.2 (h)[2] states in pertinent part

---

[2] In a separate regulation, 20 C.F.R. § 655.100(b) the Secretary of Labor has defined "Agent" as follows: **Agent means a legal entity or person, such as an association of agricultural employers, or an attorney for an association, which (1) is authorized to act on behalf of the employer for temporary alien agricultural labor certification purposes, and (2) is not itself an employer, or a joint employer as defined in this paragraph (b).**

(1) *Admission of temporary employees* (i) *General.* Under section 101(a)(15)(H) of the Act, an alien may be authorized to come to the United States temporarily to perform services or labor for, or to receive training from an employer, if petitioned for by that employer
(2) *Petitions* – (i) *Filing of petitions* – (A) *General.* A United States employer seeking to classify an alien as an H-1B, H-2A, H-2B, or H-3 temporary employee shall file a petition on Form I-129, Petition for Nonimmigrant Worker, only with the service center which has jurisdiction in the area where the alien will perform services, or receive training . . .
**(F) *Agents as petitioners*. A United States agent may file a petition in cases involving workers who are traditionally self-employed or workers who use agents to arrange short-term employment on their behalf with numerous employers, and in cases where a foreign employer authorizes the agent to act on its behalf. <u>A United States agent may be: the actual employer of the beneficiary, the representative of both the employer and the beneficiary, *or, a person or entity authorized by the employer to act for, or in place of, the employer as it[s] agent.*</u>**

13. Title 8, United States Code, Section 1101(b)(3) states that as used in subchapters I and II of this chapter, the term "person" means an individual or an organization.

14. Title 8, United States Code, Section 1101(a)(15)(H) and Title 8, United States Code, Section 1184 both fall under subchapter I of the relevant chapter of Title 8. As such the term "person" as that term is defined in Title 8, United States Code, Section 1101(b)(3) will control the meaning of the word "person" in the regulations which were passed pursuant to Title 8, United States Code, Section 1184.

15. Like the authorizing federal legislation in the matter of *Sperry v. Florida ex rel. Florida Bar*, 373 U.S. 379 (1963), which gave the Commissioner of Patents the authority to prescribe regulations governing the recognition and conduct of agents, attorneys, or other persons representing parties before the Patent Office, pre-empted a state's authority to regulate non-lawyers in the context of filings in the Patent Office, the federal regulation, 8 C.F.R. § 214.2 (h), which specifically allows "agents" to file petitions for the admission of temporary workers and defines "agents as petitioners" (" . . . a person or entity authorized by the

employer to act for, or in place of, the employer at it[s] agent") pre-empts the Supreme Court of Texas Unauthorized Practice of Law Committee from taking legal action against an "agent" who merely files petitions for the admission of temporary workers as allowed by federal law.

## VI. PRAYER FOR RELIEF

WHEREFORE, your Plaintiff respectfully requests this Court issue a declaratory judgment finding that federal law, 8 C.F.R. § 214.2(h), specifically permits non-lawyers to act as "agents" for employers for the purpose of filing petitions for temporary workers to be admitted into the country as nonimmigrant alien laborers and as such the Texas Supreme Court Unauthorized Practice of Law Committee may not take enforcement action against Amigos Labor Solutions, Inc., or similarly situated entities, which act as "agents" for employers in the aforementioned petition process.

Dated: August 16, 2005

*Robert C. Hinton, Jr.*
ROBERT C. HINTON, Jr.
Texas State Bar No. 09710800
STEPHEN U. BAER
Texas State Bar No. 24025953
5015 Tracy Street, Suite 100
Dallas, Texas 75205
(214) 219-9303
(214) 219-9309 FAX
Attorneys for Amigos Labor Solutions, Inc.

JS 44
(Rev. 3/99)

ORIGINAL

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Amigos Labor Solutions, Inc.

### DEFENDANTS
Texas Supreme Court/Unauthorized Practice of Law Committee

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Dallas__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Travis__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED AUG 16

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert C. Hinton, Jr.
Robert Hinton & Associates, P.C.
5015 Tracy St., Suite 100/Dallas
(214) 219-9300

ATTORNEYS (IF KNOWN)

3-05CV-1644B

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. § 2201-
Seeking a declaration that federal statutes and regulations pre-empt a state's ability to determine who may file immigration applications as "agents" of employers.

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 16 August, 2005
SIGNATURE OF ATTORNEY OF RECORD: Robert C. Hinton, Jr.

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____